1

2

3

4

5

6

7              UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF WASHINGTON
8                     AT TACOMA

9

LIBBY L. A.,

10                                                    CASE NO. 3:19-CV-05291-DWC
                    Plaintiff,

11                                                    ORDER REVERSING AND
        v.                                            REMANDING DEFENDANT'S
12                                                    DECISION TO DENY BENEFITS
   COMMISSIONER OF SOCIAL
13   SECURITY,

14                  Defendant.

15         Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of

16   Defendant's denial of Plaintiff's application for disability insurance benefits ("DIB"). Pursuant

17   to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties

18   have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

19         After considering the record, the Court concludes the Administrative Law Judge ("ALJ")

20   erred when he improperly gave partial weight to the opinions of Doctor Jim Rice, Doctor Gary

21   Schuster, and Ms. Christina Casady. Had the ALJ properly considered these opinions, Plaintiff's

22   residual functional capacity ("RFC") may have included additional limitations. The ALJ's error

23   is therefore harmful, and this matter is reversed and remanded pursuant to sentence four of 42

24

1    U.S.C. § 405(g) to the Commissioner of the Social Security Administration ("Commissioner")

2    for further proceedings consistent with this Order.

3                        FACTUAL AND PROCEDURAL HISTORY

4          On March 31, 2015, Plaintiff filed an application for DIB, alleging disability as of

5    January 20, 2012. *See* Dkt. 8, Administrative Record ("AR") 49. The application was denied

6    upon initial administrative review and on reconsideration. *See* AR 49. A hearing was held before

7    ALJ Allen G. Erickson on August 17, 2017. *See* AR 49. In a decision dated December 29, 2017,

8    the ALJ determined Plaintiff to be not disabled. *See* AR 58. Plaintiff's request for review of the

9    ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision

10   of the Commissioner. *See* AR 49; 20 C.F.R. § 404.981, § 416.1481.

11         In the Opening Brief, Plaintiff maintains the ALJ erred by: (1) improperly evaluating the

12   medical evidence; and (2) failing to support his formation of the RFC and his evaluation of the

13   Vocational Expert's ("VE") testimony with substantial evidence. Dkt. 12, p. 2. Plaintiff requests

14   remand for an award of benefits. *Id.* at 10.

15                              STANDARD OF REVIEW

16         Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

17   social security benefits if the ALJ's findings are based on legal error or not supported by

18   substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

19   Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

20                                    DISCUSSION

21   **I.      Whether the ALJ properly considered the medical opinion evidence.**

22         Plaintiff contends the ALJ erred in his evaluation of the opinion evidence submitted by

23   Dr. Rice, Dr. Schuster, and Ms. Casady. Dkt. 12, pp. 7-9.

24

1      A.  <u>Dr. Rice</u>

2      The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted

3  opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.

4  1996) (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d

5  502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the

6  opinion can be rejected "for specific and legitimate reasons that are supported by substantial

7  evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035,

8  1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can

9  accomplish this by "setting out a detailed and thorough summary of the facts and conflicting

10  clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157

11  F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

12      Dr. Rice completed Washington State Department of Labor and Industries Insurer

13  Activity Prescription Forms on May 20, 2014, June 30, 2014, August 4, 2014, and September 18,

14  2014. AR 625, 633, 638, 645. Dr. Rice opined Plaintiff may perform modified duty, in that

15  Plaintiff can never crawl, reach overhead, or engage in fingering or handling activities. AR 625,

16  633, 638, 645. Dr. Rice further opined Plaintiff can occasionally climb ladders and stairs, bend,

17  and stoop. AR 633, 638, 645. Dr. Rice checked a box indicating Plaintiff's recovery was

18  progressing as expected/better than expected. AR 625, 633, 638, 645.

19      The ALJ gave Dr. Rice's opinion little weight, because:

20      (1) These opinions are inconsistent with the claimant's generally unremarkable
    physical exams. These opinions are also inconsistent with the claimant's

21      demonstrated improvement from physical therapy and medication. (2) Further, Dr.
    Rice's opinions are internally inconsistent in that he opines that the claimant's

22      postural and manipulative activities are limited, but also that the claimant's
    recovery has progressed as expected or better than expected. The limitations in Dr.

23      Rice's opinions are unsupported by the medical record. (3) Finally, these opinions
    are inconsistent with the opinions of Dr. Thomas and Dr. Gagliardi. The

24

1  undersigned finds the opinions of Dr. Thomas and Dr. Gagliardi to be generally more persuasive and consistent with the overall record.

2

3  AR 56 (internal citations omitted, numbering added).

4  First, the ALJ discounted Dr. Rice's opinion because it was inconsistent with the

5  claimant's physical exams and with Plaintiff's improvement from various treatments. AR 56. An

6  ALJ need not accept an opinion which is inadequately supported "by the record as a whole." *See*

7  *Batson v. Commissioner of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). However, a

8  conclusory statement finding an opinion is inconsistent with the overall record is insufficient to

9  reject the opinion. *See Embrey*, 849 F.2d 418 at 421-422. An ALJ merely offers his conclusion

10  when his statement "stands alone, without any supporting facts…" *Hess v. Colvin*, No. 14–8103,

11  2016 WL 1170875, at *3 (C.D. Cal. Mar. 24, 2016). As the Ninth Circuit has stated:

12  > To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

13

14

15  *Embrey,* 849 F.2d at 421.

16  Here, the ALJ does nothing more than state there are inconsistencies between Dr. Rice's

17  opinion and Plaintiff's physical exams and her "demonstrated improvement from physical

18  therapy and medication." AR 56. The ALJ has not connected exactly how Dr. Rice's opinion

19  conflicts with Plaintiff's physical exams or health improvements. Without providing specific and

20  legitimate reasons for denying Dr. Rice's opinion, the ALJ's opinion is, by definition,

21  conclusory. *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) (citations omitted) ("We

22  require the ALJ to build an accurate and logical bridge from the evidence to [his] conclusions so

23  that we may afford the claimant meaningful review of the SSA's ultimate findings.").

24

1      Additionally, the ALJ's finding that Dr. Rice's opinion is inconsistent with the claimant's

2    generally unremarkable physical exams is not supported by the record. The medical records from

3    Plaintiff's visits with Dr. Rice do indicate some abnormal findings from Plaintiff's physical

4    exams. For example, on an activity prescription form filled out by Dr. Rice on July 1, 2016, Dr.

5    Rice opined Plaintiff is progressing slower than expected. AR 1240. Further, Dr. Rice diagnosed

6    Plaintiff with De Quervain's tenosynovitis.[1] AR 1241. *See also* AR 663 (Dr. Rice finding

7    Plaintiff had several abnormal issues with her head/neck which caused "electric pain" down her

8    arm). Although some of Dr. Rice's opinion regarding Plaintiff's physical exams is "generally

9    unremarkable," other parts reveal abnormal findings which the ALJ did not address. Thus, the

10   ALJ's claim that Dr. Rice's opinion is inconsistent with the claimant's physical exams is

11   unfounded. Therefore, this is not a specific, legitimate reason to discount Dr. Rice's opinion.

12     Second, the ALJ discounted Dr. Rice's opinion because of internal inconsistencies. AR

13   56. An ALJ may reject an opinion that is "inadequately supported by clinical findings." *Bayliss*,

14   427 F.3d at 1216 (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001)). An ALJ

15   may likewise discount a physician's opinion based on "internal inconsistencies" in the opinion.

16   *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999) (citations

17   omitted). But, as discussed above, an ALJ cannot reject a physician's opinion in a vague or

18   conclusory manner. *See Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (citing

19   *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)); *Embrey*, 849 F.2d at 421-22.

20

21

---

22

23    [1] De Quervain's tenosynovitis is a painful inflammation of the tendons on the thumb side of the wrist and causes discomfort when turning the wrist, grasping, or making a fist. *See De Quervain's tenosynovitis*, MAYOCLINIC.COM, https://www.mayoclinic.org/diseases-conditions/de-quervains-tenosynovitis/symptoms-causes/syc-20371332 (last visited Oct. 25, 2019).

24

1    In this case, the ALJ used conclusory reasoning when he found Dr. Rice's opined

2  limitations inconsistent with Dr. Rice's finding that Plaintiff was progressing as expected or

3  better than expected. The ALJ failed to explain *how* any of Dr. Rice's observations fail to

4  support or conflict with Dr. Rice's conclusions. *See Barnhart*, 331 F.3d 565 at 569. The ALJ

5  merely states Dr. Rice's opinion is inconsistent with the medical record, with no support or

6  citations. The ALJ provides no reasoning on how Dr. Rice's opinion that Plaintiff has postural

7  and manipulative limitations is inconsistent with Plaintiff's recovery being on track or better than

8  expected. There exists the possibility that Plaintiff has progressed significantly, yet still has

9  significant postural and manipulative limitations. *See Reddick*, 157 F.3d 715 at 722-23 (finding an

10 ALJ must not "cherry-pick" certain observations without considering their context).

11 Additionally, as discussed above, the ALJ's claim that Dr. Rice's opinion is inconsistent with the

12 claimant's physical exams is unfounded. Thus, the ALJ's second reason for discounting Dr.

13 Rice's opinion is not a specific, legitimate reason. *See Brown-Hunter v. Colvin*, 806 F.3d 487,

14 492 (9th Cir. 2015) ("the agency [must] set forth the reasoning behind its decisions in a way that

15 allows for meaningful review").

16    Third, the ALJ discounted Dr. Rice's opinion because it is inconsistent with the opinions

17 of Doctors Alan Thomas and Martin Gagliardi. The ALJ, without any supporting citations or

18 evidence, found the opinions of Drs. Thomas and Gagliardi "generally more persuasive and

19 consistent with the record overall." AR 56. The ALJ did not explain why these opinions were

20 more persuasive than Dr. Rice's opinion, or why they were deserving of more weight. Nor did he

21 explain how the opinions from Drs. Thomas and Gagliardi are more consistent with the record

22 overall. Without further explanation or citation to the record, the ALJ's reasoning is not

23 legitimate or specific. Thus, the ALJ's third reason for discounting Dr. Rice's opinion is

24

1  conclusory and not a specific and legitimate reason supported by substantial evidence in the

2  record.

3      For the above stated reasons, the Court finds the ALJ failed to provide a specific and

4  legitimate reason supported by substantial evidence for discounting Dr. Rice's opinions.

5  Accordingly, the ALJ erred.

6      "[H]armless error principles apply in the Social Security context." *Molina v. Astrue*,

7  674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial

8  to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout*

9  *v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*,

10  674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-

11  specific application of judgment" by the reviewing court, based on an examination of the

12  record made "'without regard to errors' that do not affect the parties' 'substantial rights.'"

13  *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

14      Here, the ALJ improperly disregarded Dr. Rice's opinion that Plaintiff could not engage

15  in fingering or handling activities. The RFC included Plaintiff being able to perform "in frequent,

16  but not constant, handling and fingering with the dominant right hand." AR 53. As Dr. Rice

17  found Plaintiff could not engage in fingering or handling activities, the ALJ may have included

18  additional questions to the VE, as well as additional limitations in the RFC. Accordingly, the

19  ultimate disability decision may have changed if his opinion was given greater weight. *See*

20  *Molina*, 674 F.3d at 1115-117. Therefore, the ALJ's error is not harmless and requires remand.

21      B.  Dr. Schuster's and Ms. Casady's opinions

22      Plaintiff next contends the ALJ erred in evaluating Dr. Schuster's opinion and Ms.

23  Casady's opinion. Dkt. 12, pp. 8. Among Dr. Schuster's findings were diagnoses of tendonitis in

24

1  Plaintiff's shoulder and forearm and of thoracic outlet syndrome. AR 595. Dr. Schuster also

2  noted MRI scans revealed tenosynovitis in Plaintiff's right wrist. AR 599. Dr. Schuster opined

3  Plaintiff is unable to use her right hand for fine manipulation, grasping, repetitive wrist activities,

4  keyboarding, or using her right arm for work at or above shoulder level. AR 599. Among Ms.

5  Casady's findings was the opinion that Plaintiff can perform some basic sedentary weight

6  handling but "has significant limitations of the dominant upper extremity including decreased

7  range of motion, strength, endurance, and dexterity…" AR 683.

8         The ALJ discounted both these opinions for the same reasons. First, because they are

9  inconsistent with Plaintiff's physical exams and with Plaintiff's improvement from various

10  treatments. AR 56-57. Second, because they are inconsistent with the opinions of Drs. Thomas

11  and Gagliardi. AR 56-57. The Court found both reasons to be invalid in reviewing the ALJ's

12  analysis of Dr. Rice's opinion. *See* Section I, *supra.* Thus, the Court declines to re-consider them

13  under the same rationale. However, the ALJ also discounted Dr. Schuster's and Ms. Casady's

14  and opinions for a third reason, because they are inconsistent with Plaintiff's daily activities:

15         [These] opinion[s] [are] also inconsistent with the claimant's demonstrated
           functioning, *e.g.*, the claimant was able to prepare meals, tend to most of her
16         personal care, care for her son, go for short walks, perform some household
           cleaning, go shopping, and drive a car.

17  AR 56-57.

18

19         While the ALJ lists several of Plaintiff's daily activities, the ALJ fails to explain how

20  Plaintiff's ability to prepare meals, tend to most of her personal care, care for her son, go for

21  short walks, perform some household cleaning, go shopping, and drive a car are inconsistent

22  with Dr. Shuster's and Ms. Casady's opinions. AR 57. *See Popa v. Berryhill*, 872 F.3d 901, 907

23  (9th Cir. 2017) (finding the ALJ erred when he failed to explain why the claimant's daily

24  activities were inconsistent with the doctor's opinion). Without an explanation regarding what

1 portions of the opinions are inconsistent with Plaintiff's daily activities, the Court finds this is

2 not a valid reason for discounting them. *See Brown-Hunter*, 806 F.3d 487 at 492 ("the agency

3 [must] set forth the reasoning behind its decisions in a way that allows for meaningful review");

4 *See also Blakes*, 331 F.3d at 569 ("We require the ALJ to build an accurate and logical bridge

5 from the evidence to [his] conclusions so that we may afford the claimant meaningful review of

6 the SSA's ultimate findings."). The Court concludes the ALJ's reason for giving partial weight to

7 Dr. Schuster's and Ms. Casady's opinions is not specific and legitimate and supported by

8 substantial evidence. *See Popa v. Berryhill*, 872 F.3d 901, 907 (9th Cir. 2017) (finding the ALJ

9 erred when he failed to explain why the claimant's daily activities were inconsistent with the

10 doctor's opinion).

11 **II.     Whether the ALJ erred in evaluating Plaintiff's mental health impairments, the RFC, and the Vocational Expert's testimony.**

12

13 Plaintiff also contends the ALJ erred in evaluating her mental health impairments, in

14 assessing her RFC, and in failing to present the VE with the additional restrictions opined by Dr.

15 Rice, Dr. Schuster, and Ms. Casady. Dkt. 2, 5. The Court concludes the ALJ committed harmful

16 error when he failed to properly consider the opinions of Dr. Rice, Dr. Schuster, and Ms. Casady.

17 *See* Section I, *supra*. As the Court finds the ALJ must re-evaluate the medical opinion evidence

18 and as Plaintiff will have an opportunity to provide additional evidence on remand, the Court

19 directs the ALJ to re-evaluate the entire sequential evaluation process. In particular, the ALJ

20 should re-evaluate Plaintiff's mental impairments at each step of the sequential evaluation

21 process, including whether Plaintiff meets Listing 12.07 at Step Three. The ALJ must also

22 reassess the RFC and re-evaluate the findings at Step 5 to determine if there are jobs existing in

23 significant numbers in the national economy that Plaintiff can perform in light of the RFC. *See*

24 Social Security Ruling 96-8p ("The RFC assessment must always consider and address medical

1  source opinions."); *Valentine v. Commissioner Social Sec. Admin.*, 574 F.3d 685, 690 (9th Cir.

2  2009) ("an RFC that fails to take into account a claimant's limitations is defective."); *Watson v.*

3  *Astrue*, 2010 WL 4269545 *5 (C.D. Cal. Oct. 10, 2010) (finding the ALJ's RFC determination

4  and hypothetical questions posed to the VE defective when the ALJ did not properly consider a

5  doctor's findings).[2]

6  **III.     Whether this case should be remanded for an award of benefits.**

7  Plaintiff argues this matter should be remanded with a direction to award benefits. *See*

8  Dkt. 12, p. 10. The Court may remand a case "either for additional evidence and findings or to

9  award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the

10  Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand

11  to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587,

12  595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for

13  determining when evidence should be credited and an immediate award of benefits directed[.]"

14  *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded

15  where:

16  > (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the
   > claimant's] evidence, (2) there are no outstanding issues that must be resolved
17  > before a determination of disability can be made, and (3) it is clear from the record
   > that the ALJ would be required to find the claimant disabled were such evidence
18  > credited.

19  *Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

20

21

22

23  ───────────────

   [2] Plaintiff further argues the ALJ's decision is not supported by substantial evidence. Dkt. 12, p. 10. The
   Court has found the ALJ committed harmful error and has directed the ALJ to reassess this entire matter on remand.
   *See* Sections I & II., *supra*. Despite Plaintiff's argument being vague as to which specific part of the ALJ's findings
   is not supported by substantial evidence, the Court declines to consider this conclusory argument as the ALJ is

24  directed to re-evaluate this case on remand.

1    The Court has determined, on remand, the ALJ must re-evaluate the medical evidence,

2    Plaintiff's mental impairments at each step of the sequential evaluation process, the RFC, and the

3    findings at Step 5 to determine if there are jobs existing in significant numbers in the national

4    economy that Plaintiff can perform in light of the RFC. Therefore, there are outstanding issues

5    which must be resolved and remand for further administrative proceedings is appropriate.

6                                            CONCLUSION

7    Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded

8    Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and

9    this matter is remanded for further administrative proceedings in accordance with the findings

10   contained herein.

11   Dated this 30th day of October, 2019.

12

13

14   David W. Christel
     United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24