UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LIBBY L. A.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. 3:19-CV-5291-DWC

ORDER ON DEFENDANT'S MOTION TO ALTER OR AMEND THE JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(E)

On October 30th, 2019, the Court entered Judgment for Plaintiff, reversing and remanding Defendant's decision to deny Plaintiff's application for disability insurance benefits ("DIB"). *See* Dkt. 16, 17. Presently before the Court is Defendant's Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e) ("Motion").[1] Dkt. 18. Defendant argues the Court should alter the judgment and affirm Defendant's decision to deny benefits because the Court's decision is based on a clear error of law. Dkt. 18, p. 2.

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

ORDER ON DEFENDANT'S MOTION TO ALTER
OR AMEND THE JUDGMENT PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 59(E) - 1

The Court may alter or amend a judgment under Rule 59(e) where the Court has committed clear error. *See Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Rule 59(e) provides an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Id.* (citation and internal quotation marks omitted).

Here, Defendant argues the Court committed clear error of law by requiring the Administrative Law Judge ("ALJ") to: (1) provide a greater level of articulation to discount medical evidence than required by the established "substantial evidence" standard; and (2) reconsider Plaintiff's mental impairments on remand when there was no error by the ALJ regarding his treatment of Plaintiff's mental functioning. Dkt. 18.

### I. Did the ALJ improperly consider the medical opinion evidence?

Defendant argues the Court committed clear error of law by requiring a greater level of articulation than the established "substantial evidence" standard. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Defendant further asserts the ALJ adequately articulated the reasons for discounting the medical opinions of Ms. Christina Casady, Dr. Jim Rice, and Dr. Gary Schuster, and provides two reasons in support. Dkt. 18, p. 2.

First, Defendant argues the ALJ properly discounted Dr. Rice's opinion because it was inconsistent with Plaintiff's physical examinations and her improvement from treatment. Dkt 18, p. 3. An ALJ need not accept an opinion which is inadequately supported "by the record as a whole." *See Batson v. Commissioner of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). ALJs, however, "must review the whole record; they cannot cherry-pick evidence to support their findings." *Bostwick v. Colvin*, No. 13-cv-1936-LAB, 2015 WL 12532350, at *2 (S.D. Cal. Mar. 30, 2015) (citing *Holohan v. Massanari*, 246 F.3d 1195, 1207 (9th Cir. 2001)); *Garrison v.*

*Colvin*, 759 F.3d 995, 1017 & n.23 (9th Cir. 2014) (noting that ALJs may not cherry-pick from mixed results); *Reddick v. Chater*, 157 F.3d 715, 722-723 (9th Cir. 1998).

Although the citations to the record referenced by Defendant supports Defendant's position, other places in the record contradict Defendant's position. *See* AR 631, 633, 638, 641, 645, 649, 677, 679. For example, a physical exam of Plaintiff in July 2014 revealed "tenderness over distal radius in anatomical snuff box." AR 641. Another exam in May 2014 revealed Plaintiff was "tender over pollisus [sic] brevis tendon on the right." AR 649. Yet another exam revealed similar tenderness and pain in the same area. AR 677. Plaintiff was diagnosed with several conditions, including tenosynovitis, tendinitis, and rotator cuff syndrome, all within the relevant period. *See* AR 643, 665, 674, 679. The ALJ did not discuss evidence in the record which contradicts the ALJ conclusion. Accordingly, the ALJ failed to consider the record as a whole, and failed to provide specific and legitimate reasons for denying Dr. Rice's opinion. Thus, Defendant's first argument that the ALJ properly considered Dr. Rice's opinion is unavailing.

Next, Defendant argues the ALJ reasonably discounted Dr. Rice's opinion because it conflicted with the opinions of Drs. Alan Thomas and Martin Gagliardi. Dkt. 18, p. 4. Defendant notes that "[t]he fact that a conflict between medical opinions exists is alone a sufficient reason for the ALJ to discount the opinion; more explanation is not required." Dkt. 18, p. 4. But the ALJ did not specify why Dr. Rice's opinion was less persuasive than the opinions of Drs. Thomas and Gagliardi. *See* AR 56. Nor did he explain how the opinions of Drs. Thomas and Gagliardi are more consistent with the record overall. The ALJ failed to "build an accurate and logical bridge from the evidence to [his] conclusions so that [the Court] may afford the claimant meaningful review of the SSA's ultimate findings." *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir.

ORDER ON DEFENDANT'S MOTION TO ALTER
OR AMEND THE JUDGMENT PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 59(E) -
3

2003). Thus, Defendant's second argument that the ALJ properly considered Dr. Rice's opinion is unsupported. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("the agency [must] set forth the reasoning behind its decisions in a way that allows for meaningful review"). Because the Court also found the ALJ erred for the same reasons in rejecting the opinions of Dr. Schuster and Ms. Casady, the Defendant's argument fails there, as well.

**II. Did the Court err in requiring the ALJ to reconsider Plaintiff's mental impairments?**

Defendant argues the Court erred in requiring the ALJ to reconsider Plaintiff's mental impairments for two reasons. Dkt. 18, pp. 5-6.

First, Defendant states the only opinion evidence the Court ordered the ALJ to reevaluate on remand is strictly related to Plaintiff's physical functioning. Dkt. 18, p. 5. The Court agrees. Because none of the opinion evidence the Court ordered the ALJ to reevaluate contain any mental health impairments, the reconsideration of this evidence will not affect the ALJ's evaluation of Plaintiff's mental functioning.

Second, Defendant argues the limited period at issue in this case means there will be no additional evidence about Plaintiff's mental functioning from that period. Dkt. 18, p. 5. The Court agrees. As defendant points out, "[t]here should not be any outstanding evidence from this period because Plaintiff and her attorney both had an affirmative duty to submit or inform SSA about all known evidence that related to whether she was disabled" (citing 20 C.F.R. § 404.1512(a)(1); Social Security Ruling (SSR) 17-4p). Defendant also correctly notes the record does not support that Plaintiff had a medically determinable mental impairment during the relevant period. *See* Dkt. 15, p. 3.

The Court also notes Plaintiff has not pointed to any evidence in the record showing a diagnosis for mental health impairments during the relevant period. In the Opening Brief,

ORDER ON DEFENDANT'S MOTION TO ALTER
OR AMEND THE JUDGMENT PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 59(E) - 4

Plaintiff argues the ALJ "failed to analyze listing 12.07 for somatic symtom [sic] disorder." Dkt. 12, p. 5. But Plaintiff failed to point to any evidence in the record showing she has any diagnosed mental health impairments. *See* Dkt. 12, pp. 5-6. Further, Defendant correctly notes that none of the opinions the Court remanded back to the ALJ contain mental health conditions. *See* Dkt. 18, p. 5. Accordingly, Plaintiff showed no error regarding the ALJ's treatment of Plaintiff's mental health conditions. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2007) (citation omitted) (the court will not consider an issue that a plaintiff fails to argue "with any specificity in [her] briefing"); *see also Thompson v. Comm'r of Internal Review*, 631 F.2d 642, 649 (9th Cir. 1980), *cert. denied*, 452 U.S. 961 (1981) (citation omitted) ("appellants cannot raise a new issue for the first time in their reply briefs").

For the foregoing reasons, Defendant's Motion to Alter or Amend Judgment is denied regarding the ALJ's treatment of the medical opinion evidence, specifically the opinions of Ms. Casady and Drs. Rice and Schuster. Defendant's motion is granted regarding the ALJ's treatment of Plaintiff's mental impairments. The ALJ shall not reconsider Plaintiff's mental impairments on remand.

Dated this 3rd day of February, 2020.

David W. Christel
United States Magistrate Judge

ORDER ON DEFENDANT'S MOTION TO ALTER
OR AMEND THE JUDGMENT PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 59(E) -
5